# EXHIBIT "A"

**Complaint with Jury Demand**

**COMJD**
GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

Electronically Filed
12/30/2020 12:41 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-20-827179-C
Department 14

## EIGHTH JUDICIAL DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VERONICA HYDE, an individual;<br><br>             Plaintiff,<br><br>vs.<br><br>VILLAGE PUB, INC.; DOES I through V; and ROE Corporations VI through X, inclusive,<br><br>             Defendant. | Case No.<br>Dept. No.<br><br>**COMPLAINT WITH JURY DEMAND** |

## COMPLAINT

COMES NOW Plaintiff Veronica Hyde ("Plaintiff" or "Hyde"), by and through her attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices, and hereby alleges and complains against Defendant Village Pub, Inc. ("Defendant" or "Village Pub") as follows:

### VENUE AND JURISDICTION

1.   This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2.   Jurisdiction and venue are based upon 28 U.S.C. § 2617(a)(2), 42 U.S.C. § 12101 *et seq.*, NRS Chapter 613, *et seq.*, and Hyde's claims under Nevada common law.

3.   All alleged unlawful employment actions occurred in this judicial district.

4.   Hyde demands a jury trial on all issues triable by jury herein.

## PROCEDURAL REQUIREMENTS

5. Plaintiff has satisfied all administrative requirements necessary to maintain this lawsuit.

6. Plaintiff has satisfied all jurisdictional requirements necessary to maintain this lawsuit.

7. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 1, 2019. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

## THE PARTIES

8. At all times relevant, Hyde was a resident of this Judicial District of Clark County, Nevada.

9. At all times relevant, Defendant was Hyde's employer as that term is defined in 29 U.S.C. § 2611.

10. At all times relevant, Defendant was Hyde's employer as that term is defined in 42 U.S.C. § 12111.

11. At all times relevant, Defendant was Hyde's employer as that term is defined in NRS 613 *et seq.*

12. At all times relevant, Plaintiff was an employee of Defendant as that term is defined in 29 U.S.C. § 2611.

13. At all times relevant, Plaintiff was an employee of Defendant as that term is defined in 42 U.S.C. § 12111.

14. At all times relevant, Defendant was Hyde's employer as that term is defined in 29 U.S. Code § 2611(4).

15. Hyde is informed, believes, and thereon alleges that at all times relevant, Defendant is a domestic corporation listed with the Nevada Secretary of State and was doing business in this Judicial District in Clark County, Nevada where the unlawful employment practices and wrongful actions complained herein occurred.

16. At all times relevant, Defendant was Hyde's employer.

17. DOE DEFENDANTS I-V, inclusive, are persons and ROE DEFENDANTS VI-X, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These DOE/ROE DEFENDANTS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, those holding control over Plaintiff's employment, those allegedly responsible for the allegations contained herein, or joint venturers of Defendant. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendant or who may be officers, employees, or agents of Defendant and/or a ROE CORPORATION or a related business entity. These DOE/ROE DEFENDANTS were Plaintiff's employer(s) and/or individuals and are liable for Plaintiff's damages alleged herein for its unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## THE FACTS

18. In or around 2016, Hyde was hired by Defendant as a dining room manager.

19. Defendant, at all times relevant, was Hyde's employer.

20. In or around October of 2018, Hyde informed Defendant of her serious medical condition.

21. In or around October of 2018, Hyde submitted to Defendant her request for Family and Medical Leave Act ("FMLA") leave.

22. In or around October of 2018, Hyde requested from Defendant a reasonable accommodation.

23. In or around October of 2018, Hyde's FMLA leave request was approved.

24. In or about October of 2018, Plaintiff began her approved FMLA intermittent leave.

25. From in or around October 2018 to in or around January of 2019, when Hyde would attempt to exercise her accommodation, Defendant would scrutinize Hyde's work and harass her for utilizing her reasonable accommodation.

26. On or about January 5, 2019, Defendant terminated Hyde.

27. Upon Plaintiff's termination, Defendant stated to Hyde that "maybe this will be better for your health."

28. Upon Plaintiff's termination, Defendant stated to Hyde that attending her medical appointments without being employed by Defendant would "be a little less stressful for you."

29. Defendant's proffered reason for termination was Hyde's job performance.

30. Defendant's proffered reason for Plaintiff's termination was pretextual.

31. Plaintiff was terminated in retaliation for exercising her state and federally-protected rights.

32. Upon information and belief, Plaintiff's superiors did not receive adequate training from Defendant regarding Defendant's workplace discrimination obligations under our law.

33. Upon information and belief, Defendant's management and/or personnel did not receive adequate instruction regarding unlawful practices towards its employees.

**COUNT I**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12112 et seq.**

34. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

35. At all times relevant, Plaintiff was a qualified individual under the Americans With Disabilities Act ("ADA") in that Plaintiff was an individual with a disability who has a physical impairment that substantially limits one or more major life activities, has a record of such impairment, and/or was a person who was regarded and/or perceived as having an impairment or disability.

36. Hyde suffered from a serious medical condition.

37. Hyde's medical condition was iron-deficiency anemia and arthritis.

38. Hyde's medical condition was real and/or perceived by Defendant.

39. Plaintiff sought medical treatment through medical providers and continued to receive medical treatment.

40. At all times relevant, Hyde informed Defendant of her medical conditions and/or Hyde's medical status.

41. Defendant was aware of Hyde's medical condition.

42. Plaintiff requested reasonable accommodations to take time off for her disability.

43. Plaintiff with or without reasonable accommodation could perform the essential functions of her job.

44. Plaintiff was discriminated against and ultimately terminated based upon her actual disability and/or her perceived disability by Defendant in violation of the ADA.

45. Further, Defendant discriminated against Plaintiff on the basis of her disability by failing to provide Plaintiff a reasonable accommodation, by failing to engage in the interactive process in good faith, and/or by ultimately terminating Plaintiff.

46. Although Defendant could have reasonably accommodated Hyde's disability, Plaintiff was terminated in violation of the ADA.

47. The acts and/or omissions of Defendant and its agents complained of herein are in violation of the Americans with Disabilities Act in that Defendant discriminated and harassed Hyde on the basis of her impairment, failed to offer Hyde a reasonable accommodation, failed to engage in the interactive process with Hyde, and/or discriminated against Hyde.

48. Thus and at all times relevant, Hyde was discriminated against in violation of the Americans with the Disabilities Act.

49. The acts and/or omissions of the Defendant complained of herein are in violation of the Americans with Disabilities Act in that Defendant harassed and discriminated against Hyde on the basis of having an actual and/or perceived disability.

50. As a direct and proximate result of Defendant's unlawful activity, Hyde has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

51. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Hyde and, thus, Hyde is entitled to punitive damages with respect to her claim.

52. As a result of Defendant's conduct, as set forth herein, Hyde has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

## COUNT II
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

53. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

54. Hyde, by seeking medical leave with the aid of agents of Defendant because of her serious medical condition, exercised her rights under the FMLA.

55. Defendant committed the aforementioned conduct including Hyde's termination in reckless and willful violation of Hyde's federally-protected rights.

56. Defendant's aforementioned conduct including such termination of Plaintiff resulted in Defendant engaging in activity that chilled the exercise of Hyde's rights, caused interference, caused harassment, retaliated against Plaintiff for exercising her rights under the FMLA, and/or discriminated against Plaintiff in violation of the FMLA 29 USC § 2615 *et seq*.

57. Defendant's aforementioned conduct and resulting termination of Plaintiff was motivated by the exercise of Hyde's rights under the FMLA and was in violation of the FMLA.

58. Defendant discriminated against and discharged Plaintiff for exercising her FMLA protected rights.

59. Defendant did not allow Plaintiff to utilize her federally-protected FMLA leave and terminated her.

60. Defendant interfered with, restrained, and/or denied the exercise of or the attempt to exercise Hyde's rights under the FMLA.

61. By taking these adverse actions due to Plaintiff's FMLA leave, Defendant has engaged in a discriminatory practice with malice and/or with reckless disregard to Plaintiff's protected rights. As a result, Plaintiff has been damaged.

62. As a direct and proximate result of the conduct of the Defendant described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

63. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

64. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

65. Defendant did not act in good faith as it had no reasonable grounds for believing that the termination of Plaintiff was not in violation of the FMLA, therefore, Plaintiff is entitled to an award of liquidated damages.

### COUNT III
### RETALIATION
### 42 U.S.C. § 12203 *et seq.*

66. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

67. As set forth more fully above, Defendant retaliated against Hyde when she requested a reasonable accommodation for her disability in good faith.

68. There exists a temporal proximity in relation to Hyde's request for a reasonable accommodation and Hyde's resulting termination.

69. Defendant subjected Hyde to undeserved disciplinary conduct and eventual termination in close temporal proximity after Hyde requested a reasonable accommodation.

70. Defendant retaliated against Hyde when she requested a reasonable accommodation by terminating Hyde and subjecting her to discriminatory behavior.

71. This retaliatory action was in response to Hyde's request for a reasonable accommodation.

72. The retaliatory action was intended to deter employees from requesting reasonable accommodations.

73. By taking these adverse actions because Hyde requested a reasonable accommodation, Defendant has engaged in a discriminatory practice with malice and/or with reckless disregard to Hyde's protected rights. As a result, Hyde has been damaged.

74. As a direct and proximate result of the conduct of the Defendant described hereinabove, Hyde has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

75. As a result of Defendant's conduct, as set forth herein, Hyde has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, have been damaged thereby, and are entitled to reasonable attorneys' fees and costs.

76. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Hyde is entitled to an award of exemplary or punitive damages.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, & SUPERVISION

77. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

78. Defendant knew and/or should have known that its employees had a propensity towards committing unlawful acts toward Plaintiff.

79. Defendant had a duty of reasonable care to protect the Plaintiff from the negligent and/or careless actions of its own agents, officers, employees and others.

80. Defendant owed a duty to Plaintiff to adequately train and supervise their employees in regards to all correct policies and procedures relating to termination policies and procedures.

81. In addition, Defendant had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff, and to adequately train and supervise its employees in regards to all correct policies and procedures in regards to discrimination, medical leave, absence, and/or termination policies and procedures.

82. In violations of those duties, Defendant damaged Plaintiff by failing to supervise, train and hire appropriate personnel which resulted in damages including severe emotional distress including but not limited to great mental and emotional harm, anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, loss of sleep and/or anxiety.

83. As stated herein, upon information and belief, Defendant failed to adequately and reasonably train and supervise its personnel regarding the FMLA and/or the ADA. Such failure to train its employees/agents in discrimination, resulted in Plaintiff being wrongfully terminated.

84. As Defendant's personnel were not adequately trained in the FMLA and/or the ADA, Defendant knew and/or should have known that its employees had a propensity towards committing unlawful acts.

85. Specifically, Defendant knew or should have known that its management and/or human resources personnel, including its director of operations, were not adequately knowledgeable, trained, qualified, and/or competent regarding Defendant's workplace obligations toward employees and that as such Plaintiff's rights would be violated should a scenario concerning Defendant's workplace obligations toward

1 Plaintiff arise.

2     86. Upon information and belief, such agents and/or employees, including its director of operations, were directly involved in Defendant's decision to terminate Plaintiff.

    87. Defendant breached their duty to protect Plaintiff by failing to properly hire, train, and/or supervise their employees, whereby a reasonable person could have foreseen the injuries of the type Plaintiff suffered would likely occur under the circumstances.

    88. Defendant's negligent supervision of its employee and/or agents, resulted in Defendant reasonable failing to anticipate its agents/employees' misconduct in terminating Plaintiff in violation of our law.

    89. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000).

    90. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

    91. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

    1. For general damages in excess of $15,000.00;
    2. For special damages;
    3. For consequential damages;
    4. For punitive damages;
    5. For liquidated damages; and,

///

6. Such other and further relief as the Court may deem just and proper.

DATED this 30th day of December 2020.

GABROY LAW OFFICES

By: /s/ Christian Gabroy

Christian Gabroy (#8805)<br>
Kaine Messer (#14240)<br>
170 South Green Valley Parkway<br>
Suite  280<br>
Henderson, Nevada 89012<br>
Tel    (702) 259-7777<br>
Fax   (702) 259-7704<br>
*Attorneys for Plaintiff*

# EXHIBIT I

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2019-01225 |

Nevada Equal Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Veronica Hyde | (702) 419-5994 | 1972 |

Street Address: 8445 S. Las Vegas Blvd #2010, Las Vegas, NV 89123

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| VILLAGE PUB INC | 500 or More | (702) 733-8901 |

Street Address: 10900 Eastern Avenue, Henderson, NV 89052

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-01-2018　Latest: 01-05-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about July 8, 2016, I transferred to VILLAGE PUB INC (herein referred to as "Respondent") and my most recent position held was Restaurant Manager. In or around October 2018, I notified my Supervisor, Jim Stubler, of my medical condition. Shortly thereafter, I was informed to submit a request for FMLA leave which would have provided me an accommodation for treatment of my medical condition. In or around October 2018, my FMLA leave request was approved. However, from in or around October 2018 to in or around January 2019, when I would attempt to exercise my accommodation, Mr. Stubler would scrutinize my work and harassed me for utilizing my reasonable accommodation. Subsequently, on or about January 5, 2019, I was discharged without truthful explanation by Mr. Stubler.

I believe I was discriminated against because of my disability, and retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10-1-2019

*Date / Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

RECEIVED

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

OCT 2 2019

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
EEOC / LVLO